UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PREFERRED NUTRITION INC., a Canadian corporation; and NATURAL FACTORS NUTRITIONAL PRODUCTS INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LORNA VANDERHAEGHE, a natural person; HEADLINES PROMOTIONS LTD., a Canadian corporation; and LORNA VANDERHAEGHE, INC., a purported entity of unknown corporate status,<br><br>Defendants. | No. _____<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF<br><br>JURY DEMAND |

**THE PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff Preferred Nutrition Inc. ("**PNI**") is an Alberta, Canada corporation, having its principal place of business in Acton, Ontario.

2.  Plaintiff Natural Factors Nutritional Products Inc. ("**NFNP**") is a Washington corporation having its principal place of business in Everett, Washington.

3.  Defendant Lorna Vanderhaeghe ("**Vanderhaeghe**") is a natural person residing in or near Vancouver, British Columbia.

4.  Defendant Headlines Promotions Ltd. ("**HPL**") is a Canadian corporation having a registered office at 7315 First Street, Burnaby, British Columbia. Vanderhaeghe is

COMPLAINT - 1
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

the sole director and the directing mind of HPL.

5. Defendant Lorna Vanderhaeghe, Inc. ("**LVI**") is a d/b/a and/or an alter ego of Defendant Vanderhaeghe, and on information and belief is an as yet unincorporated company or is an entity recently incorporated in Canada, through which Vanderhaeghe purports to carry on business.

6. This action arises, *inter alia*, under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et. seq.*, and the common law. This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, and 28 U.S.C. § 2201(a). Supplemental jurisdiction over causes of action arising under state law is also proper pursuant to 28 U.S.C. § 1367; such causes of action are substantially related to those over which this Court has original jurisdiction.

7. Defendants are subject to personal jurisdiction in this District.

8. The Western District of Washington is a proper venue for this action.

**PLAINTIFFS' BUSINESS, PNI FAMILY OF MARKS, AND PNI TRADE DRESS**

9. PNI is in the business of developing, manufacturing, marketing, distributing and selling premium quality natural health products, including vitamin and mineral products for the treatment and maintenance of women's health (the "**PNI Goods**").

10. PNI markets, distributes, and sells the PNI Goods throughout the United States through NFNP, which packages, markets, and distributes the PNI Goods in the United States.

11. PNI is the owner of and, since at least as early as April 2003, has adopted, used and continues to use in commerce in the United States, including through NFNP, a continuously-expanding family of trademarks that employ various terms in conjunction with the common term SENSE in association with the PNI Goods. Such marks include, for example, ESTROSENSE®, MENOSENSE®, URISENSE®, THYROSENSE®, OSTEOSENSE®, ADRENASENSE®, HAPPYSENSE®, ARTHRISENSE®,

COMPLAINT - 2
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

1   GLUCOSENSE®, SLEEPSENSE®, and VEINSENSE®.

2   12.   Copies of registration certificates for PNI's registered U.S. trademarks that employ a variety of terms in conjunction with the common term SENSE are attached as Exhibit A to this Complaint (the "**Registered PNI Marks**").  Printouts from the United States Patent & Trademark Office ("USPTO") website showing PNI's U.S. trademark applications that employ a variety of terms in conjunction with the common term SENSE are attached as Exhibit B to this Complaint (the "**Applied-for PNI Marks**").  Collectively, the Registered PNI Marks and the Applied-for PNI Marks are referred to as the "**PNI Family of Marks**" or "**PNI Marks**."

13.   PNI is the owner of and has developed, adopted, used and continues to use in commerce in the United States, in association with the PNI Goods, including through NFNP, a distinctive trade dress comprising a proprietary "look and feel," which incorporates a distinctive layout, color scheme, and font (the "**PNI Trade Dress**").  Examples of the PNI Trade Dress are attached as Exhibit C to this Complaint.

14.   Plaintiffs have, without interruption, adopted, made known, used, and publicized throughout the United States the PNI Marks and have made extensive sales of the PNI Goods utilizing the PNI Marks and the PNI Trade Dress since at least April 2003.

15.   Plaintiffs' channels of distribution for the PNI Goods include, among others, health food, organic food, vitamin, and specialty nutrition stores throughout the United States.

16.   Plaintiffs advertise and promote the PNI Marks and the PNI Trade Dress in association with the PNI Goods on websites available in the United States and throughout the world, including **www.pno.ca** and **us.naturalfactors.com**, as well as through trade and consumer magazine advertising, sales through retail stores and through promotional events and lectures, held throughout the United States.

17.   PNI, through the advertisement and promotion of the PNI Family of Marks and the PNI Trade Dress and through sales of the PNI Goods in association with the PNI Family

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

of Marks and the PNI Trade Dress, has established goodwill and brand recognition in the PNI Family of Marks and the PNI Trade Dress.

## PNI'S RELATIONSHIP WITH VANDERHAEGHE

18. Beginning in about 2002 and continuing until late 2009 Vanderhaeghe and HPL agreed to and did promote the PNI Goods, including through use of Vanderhaeghe's name and likeness. This promotion was made in connection with the PNI Trade Dress and numerous PNI Marks.

19. At all times during its business relationship with HPL and Vanderhaeghe, PNI retained all rights to the PNI Trade Dress and PNI Family of Marks, and in fact applied to register the PNI Family of Marks with the Canadian Intellectual Property Office and USPTO.

20. In late 2009, Vanderhaeghe advised PNI of her desire to change their relationship and to have PNI distribute products on behalf of Vanderhaeghe and HPL.

21. On or about January 14, 2010, PNI gave written notice to Vanderhaeghe that PNI would terminate its relationship with Vanderhaeghe and HPL and would cease selling PNI Goods bearing Vanderhaeghe's name and likeness, all as of July 1, 2010.

## DEFENDANTS' USE OF CONFUSINGLY SIMILAR LV MARKS AND LV TRADE DRESS

22. Prior to receiving PNI's notice, and despite actual knowledge of PNI's preexisting rights in the PNI Family of Marks, Vanderhaeghe and HPL began filing U.S. trademark applications in late 2009 for numerous trademarks incorporating various terms in conjunction with the common term SMART for dietary and nutritional supplements. The marks applied for are substantially and confusingly similar to the PNI Family of Marks and individual PNI Marks. Nearly all of the trademarks applied for by the above defendants are identical to PNI Marks, except for the substitution of the term SMART for the term SENSE (e.g., ESTROSMART, MENOSMART, THYROSMART, URISMART, and VEINSMART, versus ESTROSENSE®, MENOSENSE®, THYROSENSE®, URISENSE®, and

COMPLAINT - 4
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

VEINSENSE®).

23. Printouts from the USPTO website showing Vanderhaeghe's and HPL's U.S. trademark applications that employ various terms in conjunction with the common term SMART are attached as Exhibit D to this Complaint (the "**LV Marks**").

24. In filing the above trademark applications, the Vanderhaeghe and HPL Defendants confirmed under oath to the USPTO their "bona fide intention" to use the LV Marks in commerce in the United States in connection with goods that directly compete with the PNI Goods (the "**LV Goods**").

25. Since receiving notice on or about January 14, 2010, of PNI's intent to terminate its business relationship with Vanderhaeghe, one or more Defendants have taken or plan to take steps to actively compete with PNI, including:

(a) on or about January 21, 2010, publicly announcing a new product line of LV Goods that would directly compete with the PNI Goods;

(b) on or about April 9, 2010, distributing to potential customers Universal Product Codes ("UPC Codes") for the LV Goods in anticipation of their launch;

(c) on or about April 22, 2010, distributing to potential customers, namely retailers who currently sell the PNI Goods, the price list for the LV Goods. Listed in said price list were LV Goods marketed under the LV Marks, including ESTROSMART, MENOSMART, THYROSMART, URISMART, and VEINSMART;

(d) on or about April 24, 2010, distributing to potential customers, namely retailers who currently sell the PNI Goods, a product brochure for the LV Goods product line and a sample of the product label for one of the LV Goods (the "**LV Trade Dress**"), which product label is substantially and confusingly similar to the PNI Trade Dress. Examples of the LV Trade Dress are attached as Exhibit E to this

COMPLAINT - 5
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

CW3395345 4

Complaint; and

(e)     on or about April 25 and 26, 2010, distributing to potential customers, namely retailers who currently sell the PNI Goods, new account sign up forms for the LV Goods, together with UPC Codes, a price list, a product brochure and information about LVI's marketing strategy, which materials employed the LV Marks.

The above steps have already taken place in Canada.  On information and belief, Defendants have plans to take, or have already taken, some or all of the above steps in the United States or have directed or plan to direct similar communications to potential customers in the United States.

26.     Vanderhaeghe and HPL also operate a website accessible in the United States and throughout the world at **www.healthyimmunity.com**.

27.     Vanderhaeghe and HPL advertise the LV Goods in connection with the LV Marks and LV Trade Dress via the **www.healthyimmunity.com** website.  Exhibit F.

28.     Vanderhaeghe and HPL use the PNI Marks in the URLs and metatags of **www.healthyimmunity.com** web pages that advertise LV Goods sold in direct competition with PNI Goods.  For example, PNI sells a PNI Good under the PNI Trade Dress and the PNI Mark URISENSE®.  Vanderhaeghe and HPL have made a web page available at **www2.healthyimmunity.com/UriSense.html** that advertises a directly competing LV Good under the confusingly-similar URISMART mark and LV Trade Dress.  Exhibit G.

29.     The **www.healthyimmunity.com** website is specifically oriented to consumers in the United States as well as Canada.  For example, the **www.healthyimmunity.com** website contains numerous articles regarding the approvals, recommendations, and other actions of the United States Food & Drug Administration ("FDA").  Moreover, the **www.healthyimmunity.com** website displays the following notice: "The statements made on this web site and any of its publications have not been evaluated by the Food and Drug

COMPLAINT - 6
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

Administration. This web site is not intended to diagnose, treat, cure or prevent disease." This notice language mirrors a notice required by the United States Dietary Supplements Health and Education Act of 1994.

30.   Moreover, Vanderhaeghe has sent mass communications advertising various LV Marks, and stating "My U.S. customers are able to purchase directly from us by emailing **orders@hormonehelp.com** while we work to stock health food stores in the U.S. again." Exhibit H.

31.   Upon information and belief, one or more Defendants have entered into an agreement with one or more Canadian entities to distribute LV Goods in connection with the LV Marks and the LV Trade Dress in the United States. On information and belief, such one or more entities specifically target U.S. customers on their websites, and ship products throughout the United States, including to the Western District of Washington. On information and belief, such one or more entities also use the PNI Marks and references to the PNI Goods to attract business to the LV Goods.

32.   Upon information and belief, Defendants know and have reason to know that such one or more entities are using LV Marks, the LV Trade Dress, and PNI Family of Marks to advertise and offer LV Goods to consumers in the United States in direct competition with Plaintiffs and the PNI Goods.

33.   Defendants' activities with respect to marketing and sale of the LV Goods in connection with the LV Marks and LV Trade Dress target the same classes of customers, and in some cases the same customers, as Plaintiffs' efforts marketing and selling the PNI Goods under the PNI Family of Marks and PNI Trade Dress.

34.   Plaintiffs provide dietary and nutritional supplements in connection with the PNI Family of Marks.

35.   Defendants provide dietary and nutritional supplements in connection with the LV Marks.

36.   Defendants' use of the LV Marks in connection with the LV Goods is likely to

COMPLAINT - 7
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

cause confusion among customers in the United States with regard to PNI's use of the PNI Family of Marks in connection with the PNI Goods, both as to source of the goods and as to identity of company.

37. Defendants' use of the LV Trade Dress in connection with the LV Goods is likely to cause confusion among customers in the United States with regard to PNI's use of the PNI Trade Dress in connection with the PNI Goods, both as to source of the goods and as to identity of company.

38. Customers and others familiar with or searching for the PNI Goods provided by Plaintiffs in connection with the PNI Family of Marks and PNI Trade Dress are likely to assume incorrectly that the LV Goods offered and advertised by Defendants in connection with the LV Marks and LV Trade Dress originate with PNI, that there is some type of affiliation between PNI and Defendants, that PNI has sponsored, endorsed, or approved of the LV Goods, or that PNI has simply begun selling its PNI Goods under one or more LV Marks.

39. Alternatively, customers and others familiar with or searching for the PNI goods provided by Plaintiffs in connection with the PNI Family of Marks and PNI Trade Dress are likely to incorrectly confuse PNI with the Defendants and assume that they are one single entity.

40. By virtue of PNI's United States Trademark Registrations for the Registered PNI Marks, and their long association with Plaintiffs, on information and belief Defendants had actual and constructive notice of PNI's rights in the Registered PNI Marks at least as early as the date of issuance of each such PNI Mark registration.

41. Moreover, Defendants had actual knowledge of PNI's rights in the PNI Family of Marks and PNI Trade Dress prior to Defendants' use of and application for the confusingly-similar LV Marks and LV Trade Dress.

42. Defendants have continued to use the confusingly-similar LV Marks and LV Trade Dress in connection with the sale and promotion of LV Goods despite knowledge of PNI's use of and rights in the PNI Family of Marks and PNI Trade Dress.

COMPLAINT - 8
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

43.     Defendants, by virtue of their unauthorized use of the LV Marks and LV Trade Dress and other acts described herein, have infringed and are continuing to infringe PNI's valuable rights in and to the PNI Family of Marks, individual PNI Marks, and the PNI Trade Dress, have unfairly competed and are continuing to unfairly compete with Plaintiffs and otherwise trade off the reputation and goodwill of PNI and the PNI Goods, and have caused and are continuing to cause confusion as to the identity of PNI distinct from the Defendants, in order to promote the LV Goods.  Such wrongful acts may also have caused or may cause consumers to believe that the ingredients in the LV Goods are the same as those in the like-named PNI Goods, and that therefore such LV Goods are safe for consumption.  On information and belief, the ingredients in the PNI Goods and LV Goods are different, which may create a health hazard for consumers who are sensitive and who mistakenly believe the ingredients are the same.

44.     The aforesaid acts of Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss, and injury to Plaintiffs, to an extent not yet ascertained.

45.     At no time has PNI acquiesced in the use by the Defendants of the LV Marks or the LV Trade Dress.

## COUNT I

### (Infringement of Federally Registered Trademarks)

46.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45, inclusive, with the same force and effect as if set forth fully herein.

47.     This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for infringement of federally registered trademarks.

48.     Defendants' unauthorized use of the LV Marks in connection with the LV Goods has caused and is likely to cause confusion, mistake, or deception as to the origin of such goods, and to mislead customers in the United States into believing that such goods originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by

COMPLAINT - 9
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

PNI.

49.   Defendants' activities constitute infringement of PNI's rights in the family of Registered PNI Marks, including at least the ESTROSENSE®, MENOSENSE®, URISENSE®, THYROSENSE®, OSTEOSENSE®, ADRENASENSE®, HAPPYSENSE®, ARTHRISENSE®, GLUCOSENSE®, SLEEPSENSE®, and VEINSENSE® marks, in violation of at least Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

50.   Defendants' aforesaid acts of infringement have caused Plaintiffs to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

51.   Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

52.   Defendants' acts of infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT II

**(Federal False Designation of Origin, False Description, False Representation, False Advertising, Unfair Competition, and Trade Dress Infringement)**

53.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 52, inclusive, with the same force and effect as if set forth fully herein.

54.   This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, false description, false representation, false advertising, unfair competition, and trade dress infringement.

55.   As the exclusive owner of the PNI Family of Marks, and each PNI Mark, PNI possesses valuable common law rights to the PNI Family of Marks, each PNI Mark, and the goodwill appurtenant thereto.

56.   As the exclusive owner of the PNI Trade Dress, PNI possesses valuable common law rights to the PNI Trade Dress and the goodwill appurtenant thereto.

57.   Defendants' unauthorized use of the LV Marks, as described herein, has caused

COMPLAINT - 10
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

the LV Goods to be offered in interstate commerce with designations that falsely describe and represent that the LV Goods originate from, are affiliated with or connected with, or are licensed, sponsored, authorized, approved, or sanctioned by PNI and/or the PNI Goods marketed and sold under the PNI Family of Marks.

58. Defendants' unauthorized use of the LV Trade Dress, as described herein, has caused the LV Goods to be offered in interstate commerce with designations that falsely describe and represent that the LV Goods originate from, are affiliated with or connected with, or are licensed, sponsored, authorized, approved, or sanctioned by PNI and/or the PNI Goods marketed and sold under the PNI Trade Dress.

59. Defendants have made unauthorized use of one or more designations confusingly similar to the PNI Family of Marks and/or the PNI Trade Dress in a manner that violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

60. Defendants' aforesaid acts of false designation of origin, false description, false representation, false advertising, unfair competition, and trade dress infringement have caused Plaintiffs to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

61. Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

62. Defendants' acts of false designation of origin, false description, false representation, false advertising, unfair competition, and trade dress infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT III

### (Common Law Trademark Infringement, Trade Dress Infringement, and Unfair Competition)

63. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 62, inclusive, with the same force and effect as if set forth fully herein.

64. Defendants' actions described herein constitute common law trademark

COMPLAINT - 11
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

infringement, trade dress infringement, and unfair competition.

65. Defendants' aforesaid acts of trademark infringement, trade dress infringement, and unfair competition have caused Plaintiffs to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

66. Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

67. Defendants' acts of trademark infringement, trade dress infringement, and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT IV

### (Contributory Liability)

68. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 67, inclusive, with the same force and effect as if set forth fully herein.

69. The Defendants have intentionally induced one or more third parties, including Canadian customers who are targeting the United States, to commit acts of trademark infringement, false designation of origin, false advertising, false representation, trade dress infringement, and unfair competition in violation of PNI's rights in the PNI Family of Marks, individual PNI Marks, and the PNI Trade Dress.

70. The Defendants have continued to produce and/or distribute LV Goods and other materials bearing LV Marks and/or the LV Trade Dress to one or more third parties, despite having actual knowledge and/or reason to know that such third party is using such goods and materials to engage in trademark infringement, false designation of origin, false advertising, false representation, trade dress infringement, and unfair competition in violation of PNI's rights in the PNI Family of Marks, individual PNI Marks, and the PNI Trade Dress.

71. Each Defendant is contributorily liable for the trademark infringement, false designation of origin, false advertising, false representation, trade dress infringement, and unfair competition undertaken by each such third party, in violation of PNI's rights in the PNI

COMPLAINT - 12
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

1  Family of Marks, individual PNI Marks, and the PNI Trade Dress.

2  72. Defendants' aforesaid acts have caused Plaintiffs to sustain monetary damage, loss, and injury, to an extent not yet ascertained.

73. Defendants have engaged and continue to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

74. Defendants' acts unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT V

### (Relief Under the Declaratory Judgment Act)

75. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 74, inclusive, with the same force and effect as if set forth fully herein.

76. A substantial, concrete, and definite dispute exists between Plaintiffs and Defendants regarding whether Defendants' use of LV Marks and/or the LV Trade Dress does or will constitute trademark infringement, false designation of origin, false advertising, false representation, trade dress infringement, and unfair competition in violation of PNI's rights in the PNI Family of Marks, individual PNI Marks, and/or the PNI Trade Dress.

77. The dispute between Plaintiffs and Defendants constitutes an actual controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and Article III of the United States Constitution.

78. Plaintiffs hereby seek a declaration of rights regarding this dispute, as detailed fully in Plaintiffs' Prayer for Relief set forth below.

COMPLAINT - 13
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. For a judgment and declaration as follows:

    a. That PNI is the exclusive owner of all right, title, and interest in and to the PNI Family of Marks and all U.S. applications and registrations therefor;

    b. That each Registered PNI Mark is valid and enforceable;

    c. That the registration and/or use of any LV Mark in connection with dietary or nutritional supplements, or any related goods or services, is likely to cause confusion, mistake, or deception as to the origin of such goods, and to mislead customers in the United States into believing that such goods originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by PNI;

    d. That the registration and/or use of the LV Trade Dress, or any similar variation thereof, in connection with dietary or nutritional supplements, or any related goods or services, is likely to cause confusion, mistake, or deception as to the origin of such goods, and to mislead customers in the United States into believing that such goods originate from, are affiliated with, or are sponsored, authorized, approved, or sanctioned by PNI;

    e. That each Defendant is liable on each of the following causes of action:

        i. Infringement of federally registered trademarks in violation of 15 U.S.C. § 1114(1);

        ii. Federal false designation of origin, false description, false representation, false advertising, trade dress infringement, and unfair competition in violation of 15 U.S.C. § 1125(a);

        iii. Common law trademark infringement and unfair competition;

    f. That each Defendant is contributorily liable for the trademark infringement, false designation of origin, false description, false representation, false

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

advertising, trade dress infringement, and unfair competition of one or more third parties.

   g. That each Defendant has willfully engaged in at least the following acts:
      i. Infringement of PNI's Registered PNI Marks in violation of 15 U.S.C. § 1114(1);
      ii. Federal false designation of origin, false description, false representation, false advertising, trade dress infringement, and unfair competition by making unauthorized use of one or more designations confusingly-similar to the PNI Family of Marks, individual PNI Marks, and/or the PNI Trade Dress, in violation of 15 U.S.C. § 1125(a);
      iii. Common law trademark infringement, trade dress infringement, and unfair competition by making unauthorized use of one or more designations confusingly-similar to the PNI Family of Marks, individual PNI Marks, and/or the PNI Trade Dress;
   h. That each Defendant has willfully contributed to the trademark infringement, false designation of origin, false description, false representation, false advertising, trade dress infringement, and unfair competition of one or more third parties.
B. That each Defendant, its officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with any Defendant be preliminarily and permanently enjoined:
   a. From directly or indirectly using, preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting, or otherwise exploiting any goods or services under any LV Mark, the LV Trade Dress, or any other designation similar to the PNI Family of Marks, any individual PNI Mark, and/or the PNI Trade Dress;
   b. From otherwise continuing to infringe upon the PNI Family of Marks, any

COMPLAINT - 15
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

        individual PNI Mark, or the PNI Trade Dress;

   c. From further using in connection with any goods or services, any false or deceptive designation or description, whether by words or other symbols or representations, which suggest or imply any continuing relationship with PNI, NFNP, or any PNI Goods;

   d. From further unlawfully trading upon and appropriating the goodwill and business reputation of PNI, NFNP, or any PNI Goods;

   e. From further engaging in any acts of unfair competition against PNI, NFNP, or any PNI Goods;

   f. From any attempts to register any LV Mark, whether as a trademark, trade name, business name, domain name, or otherwise, or any variation thereof similar to the LV Marks or any individual LV Mark;

   g. From any attempts to register the LV Trade Dress or any variation thereof similar to the PNI Trade Dress;

   h. From in any way inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

   i. To immediately cancel or withdraw, as applicable, all state and federal registrations and applications for any LV Mark;

C. That each Defendant be ordered to file with this Court and serve on Plaintiffs in accordance with 15 U.S.C. § 1116, within 30 days after service on such Defendant (or such extended period as this Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which it had complied with Plaintiffs' prayed-for injunction;

D. That in accordance with 15 U.S.C. § 1118, each Defendant be ordered to deliver to Plaintiffs for destruction or other disposition all goods, labels, signs, prints, packages, wrappers, advertisements, business forms, letterheads, promotional materials, and other things in the possession or control of such Defendant that bears

COMPLAINT - 16
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

    or displays any LV Mark and/or the LV Trade Dress, or any designation similar to the PNI Family of Marks, any individual PNI Mark, or the PNI Trade Dress so as to be likely to cause confusion, deception, or mistake;

E. That each Defendant be required to immediately account to Plaintiffs for all gains, profits, and advantages derived from its wrongful acts;

F. That Plaintiffs be awarded damages and other monetary relief arising out of Defendants' infringement and other unlawful acts, in an amount to be determined according to proofs;

G. That because of the willful nature of Defendants' infringement and other unlawful acts as alleged above, and pursuant to 15 U.S.C. § 1117, the Court enter judgment for Plaintiffs for three times the amount of said damages;

H. That in view of the knowing, willful, wanton, and deliberate nature of Defendants' infringement and other unlawful acts, Plaintiffs be awarded a judgment that this case is an "exceptional case" under 15 U.S.C. § 1117 and that Defendants pay Plaintiffs' costs and disbursements in this action, together with reasonable attorneys' fees;

I. For punitive damages to the extent permitted by law; and

J. For such other and further relief as the Court may deem just and proper.

COMPLAINT - 17
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and CR 38(b), Plaintiffs demand a jury trial on all issues triable to a jury.

Dated this 1st day of June, 2010.

           CHRISTENSEN O'CONNOR
           JOHNSON KINDNESS[PLLC]

           s/ Michael N. Zachary
           Michael N. Zachary, WSBA No.: 27064
           Michael P. Matesky, II, WSBA No.: 39586
           Christensen O'Connor Johnson Kindness[PLLC]
           1420 Fifth Avenue, Suite 2800
           Seattle, WA  98101-2347
           Telephone:  206.682.8100
           Fax:  206.224.0779
           E-mail:  michael.zachary@cojk.com,
           mike.matesky@cojk.com,
           courtdocs@efiling.com

           Attorneys for Plaintiffs

COMPLAINT - 18
NFNP\COMPLAINT.DOC

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1420 Fifth Avenue
Suite 2800
Seattle, WA 98101-2347
1.206.682.8100